IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


--------------------------------

OUG PRESS, LTD.
                Plaintiff,

                                        CIVIL ACTION NUMBER:
        v.                              2:09-cv

SILICON VALLEY COMMUNITY FOUNDA-
TION,

                Defendant.

--------------------------------


## COMPLAINT

        Plaintiff OUG PRESS, LTD., for its Complaint states:


### THE PARTIES

        1.    OUG PRESS, LTD. is a Pennsylvania limited liability company having a principal place of business at 429 Forbes Avenue, 1212, Pittsburgh, PA  15219.

        2.    SILICON VALLEY COMMUNITY FOUNDATION is a California non-profit corporation located at Suite 300 2440 W. El Camino Real Mountain View, CA  94040, USA.


### NATURE OF ACTION

        3.    Plaintiff is the owner of the trademark **"ONE"** (the **"Mark"**), and, subject to the claims as set forth herein, this is an action generally for trademark infringement, dilution of trademark rights and unfair competition.

## JURISDICTION

4.    This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331, 1338(a) and (b), federal questions involving infringement of a mark, joined with claims for unfair competition.  Pendant jurisdiction over other claims arising from the same nucleus of operative facts lies in consideration of judicial economy, convenience, and fairness to litigants.

## JURISDICTION AND VENUE

5.    The venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

## STATEMENT OF FACTS

6.    Plaintiff, is the owner of all right, title and interest in and to the Mark, for which an application for registration is pending with the United States Patent and Trademark Office, Serial No. 78/916,280.

7.    At least as well long ago as 2006, filed its application for registration and Plaintiff began using the Mark in interstate commerce, placing the world on public legal notice of the claim to the Mark. Plaintiff has continued to advertise and use the mark in interstate commerce since said date in conjunction with its goods.

8.    Plaintiff has used contributed significant time, money and effort to establishing business and good will associated with the Mark, specifically electronic and printed materials used and sold in conjunction with the Mark.

9.   Defendant has filed an application for registration for "ONE" at the United States Patent and Trademark Office, Serial No. 77/518,511.

10.   (a) Defendant purposefully, intentionally and willfully used "ONE" knowing that Defendant's term continues to create an association and confusion in the marketplace, and causes significant dilution to the value of the Mark.

(b) By said application, Defendant has admitted its infringement, as well as by failing to cease and desist after notice.

(c) By said activity, Defendant has intentionally, recklessly and wantonly engaged in a course of conduct that has damaged Plaintiff.

(d) Defendant's infringement of the Mark is likely to cause or is causing damage to Plaintiff.

(e) "ONE" as used by Defendant is, consists of, or comprises, a mark which so resembles the Mark and not abandoned, as to be likely, when used on or in connection with the goods or services identified with the Mark to cause confusion, mistake, deceive, lessen the ability of Plaintiff to distinguish itself in the marketplace, cause confusion, mistake and/or an untrue sponsorship, affiliation or association, and/or otherwise be in violation of law.

11.   Based upon information and belief, each board member of other trustee who is natural person, participated in, coordinated, authorized and approved the scheme to infringe upon Plaintiff's rights.  Each such person had actual and constructive knowledge of the rights of Plaintiff, but proceeded for the wrongful purposes averred in this Amended Complaint.  Furthermore, each such person has, notwithstanding filing this action, continued their participation in the ongoing acts of infringement, unfair competition, dilution of Plaintiff's marks and reputation as well as otherwise averred herein.

12.   Defendant's actions infringe upon Plaintiff's common law rights as well as rights pursuant to the Lanham Act, including, but not limited to, Section 43(a) thereof.

## COUNT I

### DECLARATION OF OWNERSHIP

13.   Plaintiff hereby incorporates by this reference paragraphs 1 through 12 of this pleading, inclusive, as fully set forth herein at length.

14.   Plaintiff is entitled to declaration of exclusive ownership of the Mark and all formatives thereof likely to cause confusion.

## COUNT II

### UNFAIR COMPETITION BY INFRINGEMENT OF COMMON LAW RIGHTS

15.   Plaintiff hereby incorporates by this reference paragraphs 1 through 14 of this pleading, inclusive, as fully set forth herein at length.

16.   Defendant's acts constitute unfair competition and an infringement of Plaintiff's common law rights in the Mark.  The acts by Defendant are unfair competition in violation of the common law of the Commonwealth of Pennsylvania.

17.   Defendant's acts as alleged herein were committed with the intent to pass off and palm off Defendant's goods as the goods of Plaintiff, and with the intent to deceive and to defraud the public.

<u>COUNT III</u>

### <u>VIOLATION OF LANHAM ACT BY USE OF FALSE DESIGNATION<br>IN INTERSTATE COMMERCE</u>

18.   Plaintiff hereby incorporates by this reference paragraphs 1 through 17 of this pleading, inclusive, as fully set forth herein at length.

19.   Defendant's acts are in violation of 15 U.S.C.S. § 1125(a), Lanham Action 43(a), Defendant has used in connection with the aforesaid goods and/or services a false designation or origin, false or misleading description and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to the affilia-tion, connection, or association of Defendant with Plaintiff and as to the origin, sponsorship and approval of Defendant's goods, services and commercial activities by Plaintiff.

### <u>COUNT IV</u>

### <u>DILUTION IN VIOLATION OF PENNSLVANIA ANTI-DILUTION STATUTE</u>

20.   Plaintiff hereby incorporates by this reference paragraphs 1 through 19 of this pleading, inclusive, as fully set forth herein at length.

21.   Defendant has made commercial use of the Mark, a designation owned by Plaintiff, in connection with goods and/or services which Defen-dant has used and transported in United States interstate commerce. De-fendant's acts are in violation of 54 PA.C.S. §1124 in that they have caused dilution of the distinctive quality of the Mark, all to the ir-reparable injury to and damage of Plaintiff within the market.

22.   Defendant's acts have lessened the capacity of the Mark to identify and to distinguish the goods of Plaintiff.  Defendant acts have caused dilution, blurring and tarnishment of the unique association which

have heretofore existed between the Mark and goods made and/or services rendered by Plaintiff.

23.   The Mark is a distinctive and famous mark.  The Mark has been used in connection with the goods and services regarding which it appears, are used throughout the world including on and through the Internet to consumers and those in the trade, are in substantially exclusive use, and are registered in this Commonwealth, as alleged heretofore.

24.   Defendant committed the acts averred herein willfully and with the intent to cause dilution of the Mark and Plaintiff's rights and reputation.

## COUNT V

### VIOLATION OF 73 P.S. 201-1

25.   Plaintiff hereby incorporates by this reference paragraphs 1 through 24 of this pleading, inclusive, as fully set forth herein at length.

26.   The acts by Defendant are unfair competition and are in violation of 73 P.S. 201-1, et seq.

27.   Such unfair competition is causing Plaintiff damage thereby, and Plaintiff is entitled to statutory treble damages thereby as a result of the intentional actions averred herein.

## COUNT VI

### COMMON LAW TRADEMARK INFRINGEMENT

28.   Plaintiff hereby incorporates by this reference paragraphs 1 through 27 of this pleading, inclusive, as fully set forth herein at length.

29.   Defendant is acting in an intentional and wanton manner in order to deceive the public by passing off and are thereby causing confusion in the marketplace as to the origin of the services offered, and Plaintiff is being harmed thereby.

30.   Defendant is in violation of 54 Pa. Pa.C.S.A. 1101, et seq.

## COUNT VII

### INJUNCTIVE RELIEF

31.   Plaintiff hereby incorporates by this reference paragraphs 1 through 30 of this pleading, inclusive, as fully set forth herein at length.

32.   The damages being incurred by Plaintiff, including the public confusion over the origin of goods and services are of a nature that money alone cannot remedy and Plaintiff is being irreparably harmed thereby.

## COUNT VIII

### DENIAL OF DEFENDANT'S APPLICATION FOR REGISTRATION

33.   Plaintiff hereby incorporates by this reference paragraphs 1 through 32 of this pleading, inclusive, as fully set forth herein at length.

34.   Defendant's use of "ONE" is junior to Plaintiff's use.

35.   For the foregoing reasons, Plaintiff prays that Defendant's application for "ONE" United States Patent and Trademark Office, Serial No. 77/518,511, be denied.

## ALLEGATION OF DAMAGES

36.   By reason of Defendant acts as alleged herein, Plaintiff has and will suffer damage to its business, reputation and good will and the loss of sales and profits Plaintiff would have made but for Defendant's acts.

37.   Defendant threatens to continue to do the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable damage.  It would be difficult to ascertain the amount of compensation which could afford Plaintiff adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required.  Plaintiff's remedy at law is not adequate to compensate it for injuries threatened.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1.   **Injunctive Relief.**  1(a).  **Enjoin Defendant.**  That this Court grant an injunction pursuant to the powers granted it under 15 U.S.C.A § 1116, enjoining and restraining Defendant and its agents, servants and employees from directly or indirectly using the Mark or any other mark, word or name similar to the Mark which is likely to cause confusion, mistake or to deceive.

That this Court, pursuant to the power granted it under 15 U.S.C.S. § 1118, order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing the Mark and all plates, molds, matrices and other means of making the same, shall be delivered up to the Court for destruction.

1(b).  **Enjoin Defendant's Agents, Advertisers, Rellers, etc.** That this Court grant an injunction enjoining and restraining Defendant and its agents, advertisers, distributors, resellers, servants and employees from (1) directly or indirectly using the Mark or any other mark, word or name similar to the Mark which are likely to cause confusion and (2) continuing any and all acts of unfair competition as herein alleged.

1(c).  **Specific Performance.**  That this Court order that Defendant notify all advertisers, agents, internet service providers and other contributing in the infringement to cease and desist contributing to the infringement, including but not limited to causing the re-indexing of all search engines on the Internet as well as transferring any domain names bearing the Mark to Plaintiff.

1(d).  **Denial of Registration.**  That this Court deny "ONE" for registration in the United States Patent and Trademark Office, Serial No. 77/518,511.

2.    **Declaration.**  Declare that Plaintiff has and shall have the exclusive and continued right to continue to use the Mark and related domain names, including formatives thereof.

3.    **Accounting.**  That Defendant be required to account to Plaintiff for any and all profits derived by Defendant from the sale of its goods and for all damages sustained by Plaintiff by reason of said acts of infringement and unfair competition complained of herein.

4.    **All Permissible Damages.**  4(a)  **Compensatory Damages.** That the Court award Plaintiff compensatory damages in an amount to be proven at trial;

4(b) **Statutory Damages.**   That this Court award Plaintiff statutory damages, pursuant to Federal and Pennsylvania law to the fullest extent provided by the respective statutes averred herein;

4(c) **Treble Damages.**   That this Court award Plaintiff TREBLE the amount of actual damages suffered by Plaintiff, pursuant to the statutes providing for such treble damages as averred herein.

4(d) **Punitive and Exemplary Damages.**   That this Court award punitive and exemplary damages against Defendant and in favor of Plaintiff in a sum to be determined at trial by reason of Defendant's fraud and palming off.

5.   **Cost of Litigation.**   That this Court award Plaintiff the costs of this action.

6.   **Attorneys' Fees.**   That this Court award Plaintiff all of its attorney fees.

7.   **Additional Damages.**   Furthermore, that this Court grant such other and further relief as it shall deem to be just and proper.

Dated: November 27, 2009

                              /s/Gregg Zegarelli/
                              Gregg R. Zegarelli, Esq.
                              Counsel for Plaintiff
                              PA I.D. #52717

                              Z E G A R E L L I
                              Technology & Entrepreneurial
                                Ventures Law Group, P.C.
                              Allegheny Building, 12th Floor
                              Pittsburgh, PA  15219-1616
                              412.765.0401